The plaintiff instituted an action at Spring Term, 1875, against (558) the defendants, Joseph B. Batchelor, administrator of Lewis D. Henry, and also administrator of Margaret M. Henry, William S. Mason, Ed. G. Haywood, Margaret H. Haywood, D. K. McRae, Jane V. McRae, Sarah C. Manly, Thomas R. Waring, Robert P. Waring, Lewis D. Waring, Jane V. Waring, Lewis E. Henry, Margaret M. Henry, Douglas Bell, individually, and also as executor of Malvina D. Bell, individually, and also as executor of Malvina D. Bell, Douglas Bell, Jr., Matthew P. Taylor, and assignee in bankruptcy of Matthew P. Taylor, alleging in his complaint substantially the following facts: *Page 420 
That during the month of June, 1845, Louis D. Henry, being domiciled in the county of Wake, died, having first duly made and published his last will and testament in writing, which was properly executed to pass both real and personal estate, wherein he nominated and appointed his wife, Margaret M. Henry, his sole executrix, and among other things devised and bequeathed as follows:
"I give and devise to my beloved wife, for and during the term of her natural life, all the slaves now in my possession, or which are now hired out, or which shall be in my possession, or may be hired out, at my death, together with all their future increase, and also all my real and personal estate of every kind and description, so as aforesaid, for and during her natural life. The same, namely, all the said slaves, real and personal estate, at her death, I give, devise and bequeath, to be equally divided among all my children then living, and the child or children of any deceased child of mine, to take the share of their deceased parent, had he or she been living at the death of my wife. The share or shares of my said estate hereby given to my daughters shall be only to the sole and separate use of my daughters respectively, so as in no sense to be liable to the debts, liabilities, and contracts of their respective husbands, either of those married at my death, or who may marry thereafter, or of any husband they may ever at any time (559) have in their lives. I enjoin it upon my dear wife to see that proper suitable settlements of the same be made upon my daughters, drawn up by some lawyer skillful in such matters....
"Item 4th. I hereby give and grant unto the executrix of this my last will and testament, full power and authority to sell and dispose of any part of my real and personal estate for the best price, taking always good security, either for the purpose of partition or division among my legatees, or for any other purpose most advantageous for her or their interest, the securities or proceeds of such sales to be accounted for and settled in the way and manner the principal is, on each legatee, under this my will and subject to the same limitations and restrictions."
The following is a copy of the will, made a part of the complaint:
"In the name of God, Amen. I, Louis D. Henry, the of city of Raleigh, North Carolina, being in sound mind and memory, do ordain this, as my last will and testament, hereby revoking and annulling all manner of wills and testaments by me at any time heretofore made.
"Item 1st. I appoint my beloved wife Margaret, the executrix of this my will, and the guardian of all my minor or infant children; and of their estate.
"Item 2d. I charge my whole estate with the support and maintenance (which is to be of the most ample and sufficient and comfortable *Page 421 
kind,) of my dear mother-in-law, Mrs. Sally Haywood, during her life.
"Item 3d. I give and bequeath to my beloved wife, for and during the term of her natural life, all the slaves now in my possession, or which are now hired out, or which shall be in my possession, or may be hired out at my death, together with all their future increase, and also all my real and personal estate of every kind and description as aforesaid for and during her natural life, the same, viz.: all the (560) said real and personal estate, at her death, I give, devise and bequeath to be equally divided to and among all my children then living, and the child or children of any deceased child of mine to take the share of their parents, had he or she been living at the death of my wife. The share or shares of my said estate hereby given to my daughters, shall be only to the sole and separate use of my daughters respectively, so as in no wise to be liable to the debts, liabilities, and contracts of their respective husbands; either of those married at my death or who may marry thereafter, or any husbands they may have at any time in their lives. I enjoin it upon my dear wife, to see that proper, suitable, settlements of the same be made upon my daughters; drawn up by some skillful lawyer in such matters, and, in case the husband of either of my daughters (should my wife have died, without having allotted to the same,) shall neglect to have such marriage settlement executed for the space of four months after the death of my wife, and after her marriage, the share of my said estate, to which his wife may be so entitled, shall pay one thousand dollars, to be equally divided, to and among my other children then living, and the child or children of any deceased child; and the residue be subject to settlement as above.
"Item 4th. I hereby give and grant unto the executrix of this my last will and testament, full power and authority to sell and dispose of, any part of my real and personal estate for the best prices; taking always good security; either for the purpose of partition or division among my legatees, or for any other purpose most advantageous for her or their interest, the securities or proceeds of such sale, to be accounted for and settled, in the way and manner the principal is, on each legatee under this my will, and subject to the same limitations and restrictions.
"Item 5th. I hereby give and bequeath to the Episcopal, called `Christ Church,' Raleigh, five hundred dollars.
"Item 6th. I hereby give and bequeath to the university of (561) North Carolina, at Chapel Hill, five hundred dollars.
"In witness whereof, I have hereunto set my hand and seal this 23d day of July, A.D. 1845. "LOUIS D. HENRY, [SEAL.]
"Signed, sealed and executed and published in presence of
 "DAVID W. STONE, C. L. HINTON. *Page 422 
"CODICIL.
"I hereby revoke and annual the above two legacies to the Episcopal Church, called `Christ Church,' Raleigh, and to the University of North Carolina, at Chapel Hill. I also hereby direct, that all the property in my aforesaid will devised or bequeathed to my daughters, shall be so settled to their sole and separate use, as never to be liable to the control, or contracts, or debts, of any husband they may respectively have at any time, no matter how often they marry. I reiterate this, lest it might not have been clearly enough expressed in my said will. Done under my hand and seal, Raleigh, 3d December, A.D., 1845. "LOUIS D. HENRY, [SEAL.]"
Said will was admitted to probate at the August Session, 1846, of the Court of Pleas and Quarter Sessions for the county of Wake, when the executrix therein named, duly qualified and entered upon the discharge of her duties.
That the testator left, him surviving, his wife Margaret M. Henry, and the following children, to-wit: Jane Virginia McRae, then intermarried with the defendant, Duncan K. McRae, Sarah C. Manly, then intermarried to one John H. Manly, now deceased, Augusta E. Henry, Louis E. Henry, Margaret H. Haywood, then Margaret H. Henry, Mary Henry and Malvina D. Henry.
After the death of the testator, and before the death of his said wife, Augusta E. Henry, intermarried with one Robert P. Waring and (562) died, leaving the defendants, Thomas R. Waring, Louis D. Waring, Robert P. Waring and Jane V. Waring, her only children, her surviving, the last named child being now an infant under the age of twenty-one years.
After the death of the testator, and before the death of his said wife, Louis E. Henry intermarried with one Jane E. Massenburg and died, leaving him surviving Margaret M. Henry and Louis E. Henry, his only children, both of whom are infants under the age of twenty-one years.
After the death of the testator, and before the death of his said wife, Margaret H. Henry intermarried with the defendant, E. G. Haywood.
After the death of the testator, and before the death of his said wife, Mary Henry intermarried with the defendant, Matthew P. Taylor and died, leaving her surviving Henry Taylor, who also died in infancy and unmarried. The said Matthew P. Taylor was duly adjudicated a bankrupt before the death of the testator's said wife, and the defendant ______ was duly appointed the assignee in bankruptcy of all his estate, property and effects. *Page 423 
After the death of the testator, and before the death of his said wife, Malvina D. Henry intermarried with the defendant Douglas Bell and died, leaving her surviving, the defendant Douglas Bell, Jr., her only child, who is an infant under twenty-one years of age, and without guardian. The said Malvina D. Bell departed this life in November, 1871, having first published her last will and testimony in writing, wherein she named the defendant Douglas Bell, Sr., her sole executor, and whereby she devised and bequeathed to him all her estate and property of every description; which said will was duly admitted to probate in the Probate Court of Wake County, in the latter part of the year 1876.
The following is a copy of said will, made a part of the complaint:
"I, Malvina D. Bell, wife of Douglas Bell, of the city of (563) Raleigh, and State of North Carolina, being of sound and disposing mind and memory, although in feeble health, do make and publish this my last will and testament, as follows, that is to say:
"First. I desire and bequeath to my beloved husband, Douglas Bell, all my real and personal estate of every description, including that conveyed or held by John G. Williams, trustee, or to which I may be entitled in any other manner, to him, his heirs, executors, administrators and assignees forever.
"Second. I hereby appoint my husband, Douglas Bell, executor of my last will and testament. In witness whereof, I have hereunto subscribed my name and affixed my seal, this 24th day of October, A.D. 1871. "MALVINA D. BELL, [SEAL.]
"Signed, sealed, published and declared by the testatrix to be her last will and testament in our presence, who signed the same at her request, in her presence, and in the presence of each other.
 "WILLIAM SELDEN, NORMAN BELL."
In the month of April, 1874, the said Margaret M. Henry, widow and executrix of Louis D. Henry, died intestate, and on the _____ day of ______, 1874, the defendant, Joseph B. Batchelor, was appointed and duly qualified as administrator of the said Margaret; and also as administratorde bonis non, sum testamento annexo, of the said Louis D. Henry.
The said Margaret, widow and executrix of Louis D. Henry, left her surviving, as her next of kin, and heirs-at-laws, her children and grandchildren, the defendants, Jane V. McRae, Sarah C. Manly, Margaret H. Haywood, Thomas R. Waring, Louis D. Waring, Robert P. Waring, *Page 424 
Jane V. Waring, Margaret M. Henry, Louis E. Henry and Douglas (564) Bell, Jr. John H. Manly has died since the death of the said widow and executrix.
Malvina D. Henry intermarried with Douglas Bell on the 11th day of April, 1865, and after and during the lifetime of the said widow and executrix, on the 22d day of July, 1866, Margaret M. Henry joined in an indenture with one Alexander Bell and Malvina D. and Douglas Bell, wherein she assigned and conveyed to Alexander Bell, as trustee, a sealed note, bearing date January 1st, 1857, for four thousand dollars, payable to herself as executrix, and signed and sealed by Thomas C. Miller, J. T. Miller, Frederick J. Hill and Daniel B. Baker, on which the interest had been paid up to January 1st, 1861, which said note she then and there endorsed in blank; also, a second note under seal, bearing date January 1st, 1860, for one thousand dollars, payable to herself as executrix, and signed and sealed by Thomas C. Miller, A. S. Miller and Fred. J. Hill, on which the interest had been paid up to January 1st, 1861, which note she endorsed in blank, upon the express trust, the said Alexander Bell should collect the amount secured by said notes, or so much thereof as he could, by the exercise of due diligence, so as to raise thereout a fund of five thousand dollars and interest on the same from April 11th, 1865, and hold the said fund for the sole and separate use of the said Malvina D. Bell, as a feme sole, during the term of her natural life. And if she should die, leaving the said M. M. Henry her surviving, and also a child or children her surviving, then for the use and benefit of said child or children, provided he, she or they, should survive the said Margaret M. Henry.
To secure the said fund of $5,000 and interest in any and every event, and especially the case of Alexander Bell, should fail to collect so much out of the notes aforesaid, the said executrix in and by the same deed of indenture, also conveyed to Alexander Bell a house and lot in the city of Raleigh, known as No. 18, lying on the east side of (565) Fayetteville Street, and on which she resided; by way of mortgage, conditional to be void in the event that the said $5,000 and interest from the 11th day of April, 1865, was realized out of the said notes, or otherwise paid into the hands of the said Alexander Bell by the executrix.
The following is a copy of said deed, which was made a part of the complaint:
"This indenture made and entered into this second day of July, A.D. 1860, by and between Margaret M. Henry, executrix of Louis D. Henry, deceased, of the first part, of the county and State above written, and Alexander Bell, of the county of Norfolk, in the State of Virginia, of the second part, and Douglas Bell and Malvina D. Bell, his wife, both of *Page 425 
the county and State last aforesaid, of the third part, witnesseth: That whereas Louis D. Henry, deceased, late of Wake County, did, by his last will and testament, which has been duly admitted to probate in the Court of Pleas and Quarter Sessions for the county of Wake, after giving to the said party of the first part a life estate in all his estate and property, real and personal, and giving likewise to the said party of the first part, whom he appointed his sole executrix, full power and authority to sell and dispose of any part of his real and personal estate for the best prices, taking always good security, either for the purpose of partition or division among his legatees, or for any other purpose most advantageous for her or their interest, devise and bequeath as follows: `All my estate, at the said Margaret M. Henry's death, I give, devise and bequeath, to be equally divided among all of my children then living, and the child or children of any deceased child of mine to take the share of their parent, had he or she been living at the death of my wife. The share or shares of my said estate hereby given to my daughters, shall be only to the sole and separate use of my daughters respectively, so as in no wise to be liable to the debts, liabilities or contracts of their respective husbands, either of those married at my death or who may marry thereafter, or of any husband they (566) may, at any time, have in their lives. I enjoin it upon my dear wife to see that proper suitable settlements be made of the same, upon my daughters, drawn by some lawyer skillful in such matters; and whereas, the said party of the first part is willing to give up her life estate in and to a certain portion of the estate and property of the said Louis D. Henry, hereinafter mentioned and described, and is desirous of setting the said portions according to the true intent and meaning of the last will and testament aforesaid: Now therefore, the said Margaret M. Henry, executrix of Louis D. Henry as aforesaid, party of the first part, for and in consideration of the premises and for the further consideration of five dollars, to her in hand paid by the said Alexander Bell, party of the second part, receipt whereof she doth hereby acknowledge, at or before the time of sealing and delivering of these presents, doth give, grant, bargain and sell, alien, transfer, convey, and assign over and deliver, unto the said Alexander Bill, party of the second part: First: A certain note under seal, bearing date the first day of January, one thousand eight hundred and fifty-one, (1851,) payable to the said party of the first part, for the sum of four thousand dollars, principal money, on which interest has been paid up to the first day of January, A.D. 1861, and signed by Thomas C. Miller, J. T. Miller, Frederick J. Hill and Daniel B. Baker, and which I, the party of the first part, have this day endorsed in blank. *Page 426 
"Second: A certain other note, under seal, bearing date for payment, one day after January the first, one thousand eight hundred and sixty, (1860,) payable to the said party of the first part, for the sum of one thousand dollars, principal money, on which interest has been paid up to the first day of January, A.D. 1861, and signed by Thomas C. Miller, A. S. Miller and Frederick J. Hill, and this day endorsed in blank by the said party of the first part, unto him, the said Alexander Bell, (567) the said party of the second part, to have and to hold unto him, his heirs, executors, administrators and assigns forever, absolute and in fee simple; upon the express trust, nevertheless, that the said party of the second part shall proceed diligently to collect the sums of money secured by the notes under seal, hereinbefore referred to, mentioned and described, and when he has collected the same, shall hold five thousand dollars of the said sum, and interest on the said five thousand dollars, which has already accumulated, or which may hereafter accumulate, calculating from the 11th day of April, 1865, for the sole and separate use, benefit and behoof of the said Malvina D. Bell, one of the parties of the third part, as a feme sole, without being in any manner liable or subject to the debts, contracts, responsibilities or control of her husband, the said Douglas Bell, the other party of the third part, or any other husband the said Malvina Bell may hereafter at any time have, for and during the natural life of the said Malvina D. Bell; but if the said Margaret M. Henry shall hereafter die, leaving the aforesaid Malvina D. Bell her surviving, then, and in that event, for the sole and separate use of the aforesaid Malvina D. Bell, in like manner as aforesaid forever, and in fee simple absolutely; but if the aforesaid Malvina D. Bell, shall die before the aforesaid Margaret M. Henry and shall leave a child or children surviving her, the said Malvina D. Bell, then, and in that event, for the use, benefit and behoof of such child or children her surviving, as she may hereafter have, absolutely and in fee simple, provided the said child or children, or any one of them, survives his, her, or their grand-mother, the said Margaret M. Henry; but if the aforesaid Malvina D. Bell shall die before the aforesaid Margaret M. Henry, leaving no child or children her surviving, or leaving a child or children, which survives her, the said Malvina D. Bell, but which die, each and every one of them, during the life of the said Margaret M. Henry, then, and in that event, in trust for such person or persons as shall, upon that contingency, (568) be entitled to the same, under the limitations contained in the last will and testament of said Louis D. Henry, deceased, hereinbefore referred to, and made part of this instrument for greater certainly. And it is expressly covenanted and agreed, by the party of the first part, and the parties of the third part, to and with the party of the *Page 427 
second part, that the said party of the second part shall be held responsible for only as much, or such parts, of the property and estate hereinbefore conveyed and transferred, or intended to be conveyed and transferred, as shall come into his, the said party of the second part, actual, manual occupation and under his absolute control and possession, and that the said party of the second part shall and may pay over the income arising from the investment of the trust fund hereinbefore conveyed and transferred, or intended to be conveyed and transferred, to the said Malvina D. Bell, so long as she lives, and her written receipt shall be a full voucher and discharge to the said party of the second part for the disposition and expenditure of the income arising from the estate and property last aforesaid, and it is further covenanted, agreed and granted, that the said party of the second part is hereby and herein vested with full power to sell, convey, transfer, collect, invest and reinvest any and all property herein and hereby conveyed or intended to be conveyed, and in the same manner to deal with any property or estate which may arise from the investment of any part or portion of, or the whole of the aforesaid estate and property, or the proceeds arising therefrom as to him shall seem most for the advantage of his cestuisque trusts, and he is authorized to invest in realty or personalty, as to him shall seem best, upon the uses and trust hereinbefore declared. And as to the residue of the sum arising from the reducing to possession of the two notes under seal, hereinbefore described and specified, over and above the sum of five thousand dollars, and interest thereon from the eleventh day of April, A.D. 1865, intended by this instrument to be settled to the sole and separate use of the aforesaid (569) Malvina D. Bell, if any such residue there shall be, the said party of the second part shall pay over and deliver the same to the said party of the first part, after deducting the cost of collection and shall take her receipt therefor. And whereas it is the intention of the party of the first part to secure absolutely, and at all events, the sum of five thousand dollars, with interest thereon from the eleventh day of April, A.D. 1865, hereinbefore conveyed or intended to be conveyed to the said party of the second part, upon the uses and trusts hereinbefore set forth, and whereas, such is the uncertainty of property, and the remedies for the collection of debts, in the existing state of public affairs, that the said party of the second part may fail to collect and realize even by using the utmost diligence, the said sum of five thousand dollars, and the interest aforesaid, or some part thereof: Now, therefore, know all men by these presents that the said Margaret M. Henry, executrix as aforesaid, party of the first part, for and in consideration of the premises, and for the further consideration of ten dollars, to her in hand paid, by the aforesaid Alexander Bell, party of the second part, *Page 428 
at or before the time of sealing and delivering of these presents, the receipt whereof, the said party of the first part doth hereby acknowledge, doth give, grant, bargain and sell, alien, transfer and convey unto the said Alexander Bell, party of the second part and his heirs, a certain lot, or parcel of land, situate, lying and being in the city of Raleigh, in the county of Wake, and in the State of North Carolina, known in the plan of the said city of Raleigh, as lot number eighteen (No. 18) and bounded as follows: On the west by Fayetteville Street, on the north by lot number thirty-four (No. 34), on the east by Wilmington Street, and on the south by Lenoir Street, containing one acre or thereabouts, being the same lot on which the said party of the first part now resides, unto him the said Alexander Bell, the party of the (570) second part, to have and to hold unto him and his heirs forever in fee simple.
"The condition upon which the above described lot of land is conveyed, is such that if the said Alexander Bell, using due diligence, shall collect and realize the sum of five thousand dollars and interest thereon from the eleventh day of April, A.D. 1865, by reason of the transfer of the notes, under seal, hereinbefore specified and described, or if the said Alexander Bell shall realize any part of said sum, by reason of the transfer of the notes, under seal, aforesaid, and the said Margaret M. Henry shall pay unto him, and make good the said sum of five thousand dollars, by paying unto him the residue thereof, and all interest thereon, from the eleventh day of April, A.D. 1865; or if the said Alexander Bell, using due diligence, shall fail to collect any part of the said five thousand dollars, and interest as aforesaid, and the said Margaret M. Henry shall pay over and deliver the whole of the aforesaid sum of five thousand dollars and interest thereon from the eleventh day of April, A.D. 1875, then, and in either in these events last aforesaid, the conveyance of the lot of ground aforesaid, is to be void and of no effect; otherwise the conveyance of the lot of land aforesaid, is to be in full force, validity and effect, and in any and every event, all and every other part of this indenture tripartite is to be and forever continue in full force and effect. In testimony of all which, the said party of the first part, the said party of the second part, and the said parties of the third part, have hereunto set their hands and affixed their seals the day and date first above written.
 "M. M. HENRY, Ex'tx., [Seal.] ALEXANDER BELL, [Seal.] DOUGLAS BELL, [Seal.] MALVINA D. BELL. [Seal.]"
During the lifetime of Alexander Bell, M. D. Bell and M. M. Henry, executrix, the two notes aforesaid, by the consent of all the parties *Page 429 
interested, were placed in the hands of the defendant, W. S. 571) Mason, an attorney of this court, for collection, and the plaintiff is informed and believes that said defendant has collected a portion of said notes, and has still a part of the fund derived therefrom in his hands, for which he declares his readiness to account and to pay over such balance as may be found in his hands, as shall be directed by the judgment and decree of the court. The plaintiff is also informed by said Mason, that he expects to realize a still large amount than he has as yet succeeded in collecting, but that in no event would a sufficient amount be realized therefrom to pay all the fund of five thousand dollars and interest thereupon as aforesaid.
Alexander Bell died some time prior to the 15th of September, 1869, and after his death, under proceedings regularly instituted in the Superior Court of Wake County, returnable to Fall Term, 1869, the plaintiff was by the judgment and decree of said court substituted for the said Alexander Bell, deceased, as trustee in and under the aforesaid deed of the date of July 2d 1866.
After the plaintiff became such trustee and during the life of the said Malvina D. Bell, she on the 3d day of June, 1870, drew an order in favor of A. M. Lewis on the plaintiff, her trustee, for the sum of $500, with interest from the 3d day of June, 1871, which the plaintiff accepted, to be paid when he received, as her trustee, funds of hers which he had a right to apply to the satisfaction of said debt. The plaintiff insists that under these circumstances the said Malvina D. Bell had no power to appoint any portion of said sum for the benefit of her husband, Douglas Bell, by her last will and testament, until the plaintiff had received enough thereof to pay off said liability.
The complaint demands judgment:
1. That the defendant W. S. Mason, account with the plaintiff for such sums as he has collected on the two sealed notes mentioned (572) in the complaint.
2. That an account be taken to ascertain how much can be realized from said notes, and also to ascertain what balance of the fund of $5,000, and interest from the 11th of April, 1865, will remain unsatisfied, after applying all that can be realized from said notes to the satisfaction of said fund.
3. That the house and lot in the city of Raleigh, specified in the complaint, be sold, and so much of the proceeds of such sale as are necessary for that purpose, be applied to the satisfaction of said fund of five thousand dollars and interest, and the residue thereof be disposed of under the direction of the court.
The defendants Joseph B. Batchelor, as administrator de bonis non, cumtestamento annexo of Louis D. Henry, and also as administrator *Page 430 
of M. M. Henry, deceased, Duncan K. McRae and Jane V. McRae his wife, Sarah C. Manly, Ed Graham Haywood and Margaret H. Haywood his wife, with the other defendants, jointly and severally, filed their answer, alleging, substantially the following facts:
They admit the truth of the facts alleged in the complaint and consent to a sale of the real estate specified and described therein, under an order of the court; the proceeds to be held under the control of the court, until the several and respective rights of the parties to this action have been decided, and then to a division of the same, in accordance with said decision.
In addition to the facts set out in the complaint, these defendants say, that during the life time of Malvina D. Bell, only six hundred dollars was paid her on account of the said fund of five thousand dollars, the same being the interest thereon between the 11th day of April, 1855, and the 11th day of April, 1867. The said Malvina D. Bell, died on the 8th day of November, 1871, at which date there was due her in her own right, and over which she had full power of disposition by will, thirteen hundred and seventy-five dollars ($1,375) on account (573) of the accumulated interest on said fund.
The defendant Douglas Bell was, at the date of the death of the said Malvina D. Bell, indebted to the intestate, Margaret M. Henry (then living, now deceased), as executrix of Louis D. Henry, deceased, in the sum of $1,050, with interest thereon from the 1st day of January, 1870, and that no part of said debt has been paid by the said Douglas Bell, either to Margaret M. Henry, executrix, during her life, or to the defendant Batchelor since her decease, except as hereinafter stated.
After the death of the said Malvina D. Bell, and the probate of her will and the qualification of her husband (Douglas Bell, as executor thereof, the said Douglas Bell being the sole legatee named therein, assigned to the intestate M. M. Henry (then living, now deceased), as executrix of Louis D. Henry, all his right, title and interest in and to the accumulated interest aforesaid; amounting to $1,375, to be applied when realized to the debt of $1,050, and interest thereon from the first day of January, 1870, which he owed to the said M. M. Henry, deceased.
At the time when said assignment was made, no part of said interest had been collected by the defendant Mason, but since the assignment was made, he has collected, and now has in his possession, twenty-five hundred dollars, or thereabout, raised upon the aforesaid sealed notes. The defendants insist that $1,375 of the said $2,500, ought to be paid to the defendant J. B. Batchelor as administrator, etc., of Louis D. Henry, deceased, as a part of the estate of said Henry, and that if the whole of said fund of $1,376 ought not to be so paid to the defendant Batchelor, *Page 431 
then that all which remains of said $1,375, after paying off and discharging the draft for $500 mentioned in the complaint, ought to be paid to the defendant Batchelor as aforesaid.
The defendants answering further, say, that the assignee in bankruptcy of the defendant, Matthew P. Taylor, was one Willie R. Empie, who, after discharging all his duties as assignee, and winding up the affairs of said bankrupt, died in November, A.D. 1874, and (574) no assignee has since been appointed to succeed him, because there was no estate of the said bankrupt left unadministered, at the death of said Empie. The defendants insist, that the assignee of said bankrupt has not now, nor ever at any time, had any interest in the subject matter of this action, nor any right, title, or claim in the estate property and effects of Louis D. Henry, deceased. That if said assignee ever, at any time, had any such right, title, interest or claim, he has long since forfeited the same by his failure to prosecute the same within two years after he was so appointed.
That Louis D. Henry was not seized and possessed of the lot of ground mentioned in the pleadings at the time of his decease, but that after his decease, and during the lifetime of M. M. Henry, executrix, she, as executrix of Louis D. Henry, deceased, loaned to the defendant, Duncan K. McRae, certain moneys belonging to the estate of her testator, and took from the said defendant, to herself as executrix, a deed of mortgage conveying said lot to her, to secure the repayment of said moneys.
Afterwards the said executrix, with other moneys belonging to the estate of her testator, purchased from the said defendant the equity of redemption in said lot, and procured the same to be conveyed to her, as the executrix of Louis D. Henry, deceased.
The defendants insist that, by reason of such mortgage and purchase, made as aforesaid, the said lot became a part of the personal estate, in the hands of the executrix, and the proceeds arising from the sale thereof ought to be paid to the defendant, Batchelor, administratorde bonis non, etc., of Louis D. Henry, deceased, as a part of the assets of said estate, or that if the whole of the proceeds ought not to be so paid, then that so much as remains after paying off the plaintiff's demand ought to be paid to said Batchelor, administrator, de (575)bonis non, etc., as a part of the assets of Louis D. Henry, deceased.
The defendant, Mason, filed an answer, admitting the truth of the allegations contained in the complaint, and alleging substantially as follows:
He brought suit to Spring Term, 1867, of Wake Superior Court, upon the two notes mentioned in the complaint, at which term the defendants *Page 432 
therein, to postpone judgment, under a statute of this State, paid ten per cent thereof and cost, to-wit, $750.
The defendant paid $650 of said amount to Alexander Bell, trustee of Malvina D. Bell, and the residue, after payment of cost and charges, to-wit, $49.82, was directed to be held to pay any further cost, etc.
At October Term, 1867, of said court, judgments were obtained upon said notes, which were duly docketed in Wake and New Hanover counties, and A. Empie, an attorney, residing in Wilmington, retained to forward collection in New Hanover County.
Thomas C. Miller and Fred. J. Hill, both of whom are now deceased, were the only parties to said notes, from whom, at any time since this defendant has had charge of the same, any portion thereof could be collected.
During the year 1874, there was collected $1,420.40 which after deducting $142 cost and charges, left in the hands of the defendant $1,278.44.
During the time said notes have been in the hands of defendant, he has also been the attorney of Mrs. M. M. Henry, and as such, took from Douglas Bell an assignment of all his interest in said two notes, to said M. M. Henry, to secure and pay a debt due her from him.
The defendant deeming the first payments to be properly applied to the payment of interest on said notes, paid $755.10 of said $1,218.44, towards said debt of Mrs. M. M. Henry, leaving $523.34, which (576) has been deposited in the State National Bank at Raleigh.
During the year 1875, there has been collected $1,348.45, which after deducting $134.80 for costs and charges, was also deposited in said Bank; and the total amount remaining in the hands of the defendant is $1,781.91, which he is ready to pay to the plaintiff when required by the court.
There will probably be collected early in next year, about $1,400, toward the satisfaction of said two notes.
The defendant Waring, filed an answer substantially the same as the answer of the defendants Batchelor and others, hereinbefore set out.
The defendants Margaret M. Henry and Louis E. Henry by their mother and guardian ad litem, filed an answer which after setting out the allegations contained in the answer of the defendants Batchelor and others, first herein stated, further alleged: That at the time of the death of the said Louis D. Henry, he was seized and possessed of a large estate and property, exceeding in value $120,000.00, all of which immediately after his decease went into the possession and under the control of his wife, as his executrix, and guardian by his will of his minor children. That she made large settlements out of said estate, upon several of the children of the said Louis D. Henry, and among *Page 433 
such settlements she advanced several thousand dollars to his son, Louis E. Henry, the father of these defendants; that she wasted and expended a portion of said estate; that she lost a considerable part thereof by the event of the recent war, and by other acts of mismanagement and unavoidable misfortune; that thereby the said estate and property was greatly reduced in amount and value and at the date of the death of the said M. M. Henry but little thereof remained for division among the ultimate legatees of the said M. M. Henry, consisting of some houses and lots in Fayetteville, almost valueless, and some three hundred dollars, or thereabout in money invested, and of the interest in lot No. 18, in the city of Raleigh, which remained (577) after satisfying the requirements of the mortgage to Alexander Bell, trustee.
The said M. M. Henry was entirely insolvent at the date of her death, and left no assets wherewith to replace that portion of the estate of her testator, which she had lost, wasted or eloigned during her lifetime.
For many years previous to her death, these defendants and their mother lived with the said M. M. Henry at her residence on said lot No. 18, and she assisted with such means as she had left, in their maintenance, support and education, and in the maintenance and support of their mother, but she did not leave any charges against these defendants on account thereof, nor so far as these defendants are informed and believe, expect them to repay her therefore; nor did the said M. M. Henry during her lifetime make any other advances to the defendants, or either of them, or any settlement upon them or either of them, out of the estate and property of their grandfather, Louis D. Henry.
Unless they are chargeable in their grandfather's estate, with such sums of money as were advanced by the said M. M. Henry, to their father, L. E. Henry, during her lifetime, all of which was expended by the said L. E. Henry before his death, and none of which have come to these defendants. They have received no part of the legacy limited to them by their said grandfather's will.
That if the whole of the plaintiff's claim is paid out of the proceeds of the sale of lot No. 18, after satisfying the same, there will not remain enough of said proceeds, when added to all the amount of the estate and property of their grandfather, now in the hands of the defendant, Joseph B. Batchelor, administrator, de bonis non, etc., to advance them equally with the defendant, Douglas Bell, the younger, and the other legatees of their said grandfather's estate.
The defendants insist that the whole of the proceeds arising from lot No. 18, ought to be paid into the hands of the defendant, Joseph B. Batchelor, administrator de bonis non, etc., of Louis D. Henry (578) deceased, to be held by him until it can be ascertained upon an *Page 434 
account taken among all the ultimate legatees of Louis D. Henry, dec'd, what portion of said proceeds these defendants are entitled to make them equal with the other legatees, and whether the claim of the plaintiff can be satisfied and paid out of the proceeds of said sale, in full, without disappointing the equitable claim and demand of these defendants on said proceeds of sale.
Douglas Bell, Jr., by J. H. Flemming, his guardian ad litem filed an answer admitting the facts alleged in the complaint, and consenting to a sale of the real estate mentioned therein, under an order of the court, the proceeds thereof to be held under the control of the court until the rights of the parties to the action might finally be adjudicated.
The defendant, M. P. Taylor, filed an answer, disclaiming any interest in the property or estate mentioned in the complaint.
At June Term, 1875, Joseph B. Batchelor was appointed a commissioner to sell the land specified in the pleadings, the same being known as lot No. 18, in the plan of the city of Raleigh, upon certain terms set out in the decree for sale; and the commissioner was ordered to report at the next term of the court.
It was further ordered, adjudged and decreed that E. G. Haywood, Jr., be appointed a commissioner, to inquire and report at the next term of the court:
1. What amounts have been collected by the defendant, W. S. Mason, on account of the sealed notes, specified and described in the pleadings?
2. When said amounts respectively were received by said Mason? What disposition he has made of the same, or any part thereof? And what amount thereof remains in his hands?
3. What amount remains yet charged upon lot No. 18, in the (579) city of Raleigh, for the benefit of the plaintiff, after applying all credits, if any amounts have been paid by said Mason to the plaintiff or his predecessor in office, or on any other lawful account, and also the balance in the hands of said Mason, if any to be now applied as a credit?
At January Term, 1876, the marriage of the defendant, Margaret M. Henry, was suggested, and thereupon Joseph O. Wilcox, the husband of the said defendant, was, by consent of all the parties to the action, made a party defendant, and adopted for himself the answer filed in behalf of his wife.
At Fall Term, 1875, the said commissioner filed his report, which is substantially as follows:
1. The defendant, W. S. Mason, collected on said notes, between the 1st day of April, 1867, and the 1st day of May, 1875, various sums, in the aggregate amounting to $3,518.89, and the commissioner also charged him with $11.67, interest upon a small portion of said funds *Page 435 
which remained in his hands, belonging to the estate of Mrs. Malvina D. Bell.
2. Of said amount there yet remains in the hands of said Mason the sum of $1,776.83, and also the said $11.67 of interest.
3. The said Mason expended of the amounts received by him, and paid out on account of the parties entitled to the same, during the time this fund was in his hands, the aggregate sum of $1,742.06.
4. The principal fund charged upon the lot of land in the city of Raleigh, was $5,000, bearing interest from the 11th day of April, 1865. Mrs. M. D. Bell died on the 8th day of November, 1871. The interest on said principal up to the date of her death was $1,973.33, of which $600 was paid to her during her lifetime. The residue, amounting to $1,373.33, was not received by her, and the greater part thereof has been collected by the said Mason since her death.
5. The interest on said $5,000, from the 8th of November, 1871, to the 4th day of October, 1875, which belongs to the plaintiff as trustee for Douglas Bell, Jr., amounts to $1,171.66. (580)
6. The whole sum, principal and interest, before reducing it by deducting the amount collected by said Mason on the notes, and applicable thereto, is $8,144.99. The amounts received by Mason on said notes, after deducting the expenses of collection, aggregate $3,131. 83, leaving a balance charged on said lot, at this date, of $5,013.16.
The commissioner further finds that the said Mason will probably collect hereafter on said notes about $1,350, which ought to be applied to reducing the balance yet due and charged upon the lot.
7. Of the balance in the hands of said Mason, $1,158.50 belongs to the plaintiff, as trustee for Douglas Bell, Jr., and ought to be paid by said Mason to him, and the residue of said balance in the hands of Mason and the $16.67 of interest, amounting to $630, belongs to the estate of Mrs. Malvina D. Bell, and ought to be applied to the satisfaction of an order drawn by the said M. D. Bell on John G. Williams, trustee, in favor of A. M. Lewis, dated June 3d 1870, and now held by W. H. H. R. S. Tucker 
Co., and amounting at this date, principal and interest, to $630.
Upon the hearing there was no dispute about the facts, but the following rulings of the commissioner were excepted to:
1. The cost and expenses incurred and expended by W. S. Mason in collecting the several amounts upon said notes were $387.06. The commissioner deducted the same from the gross sum collected by Mason before applying it as a credit, to reduce the amount charged on lot No. 18, and so reduced that credit to $3,131.83; whereas if the credit had been applied before such deduction, the same would have amounted to $3,518.89. Mason acted as attorney for Alexander Bell, trustee, in said *Page 436 
collections. The defendant Batchelor, as administrator, claimed that the credit ought to be applied before said deduction was made. The commissioner held otherwise, and the said defendant excepted.
(581) 2. Mrs. M. D. Bell, on the 3d day of June, 1870, drew a draft on the plaintiff in the following words and figures:
"$500. RALEIGH, June 3d 1870.
"Please pay to Mr. A. M. Lewis, five hundred dollars, and charge to my separate estate in your hands, without interest for one year.
"MALVINA D. BELL.
"To Jno. G. Williams, Esq., Trustee, Raleigh."
At the date when said draft was drawn, Mrs. M. Bell was a married woman, and her husband, Douglas Bell, Sr., contemporaneously endorsed the same.
When the draft was presented to the plaintiff he accepted the same in the following terms:
"Accepted, to be paid as soon as Mrs. Bell's funds come into my hands.
JOHN G. WILLIAMS, Trustee."
A. M. Lewis, who held said draft, assigned the same by endorsement to W. H. H. R. S. Tucker Co., who have held it ever since. At the date of this transaction, the plaintiff was substituted in the place of Alexander Bell, deceased, as trustee for Mrs. M. D. Bell, but had no ready money of hers in his hands, and W. S. Mason had only $39.82 of the fund in his hands, which was the remnant of the first collection made by him in 1867.
Mrs. M. D. Bell made a will before her death, whereby she gave her husband, Douglas Bell, Sr., "all my real and personal estate, of every description, including that conveyed or held by John G. Williams, trustee, or to which I may be entitled in any other manner," and made her husband the executor of said will. This will has been duly (582) admitted to probate in the Probate Court of Wake County, and Douglas Bell qualified as executor thereof.
On the 26th day of September, 1873, being indebted in a large amount to Mrs. M. M. Henry, deceased, said Douglas Bell assigned to her all his interest, etc., in the notes and judgments thereon which Mason was then engaged in collecting.
On July 3d 1874, said Mason collected $1,420.44, on account of said notes, from which he deducted $142, leaving in his hands, including the $39.82 aforesaid, $1,318.22. On the first day of May, 1875, Mason *Page 437 
made a further collection, which, together with the sum last aforesaid, the interest due Mrs. Bell at the date of her death, is made up.
On the 19th day of April, 1875, Mason paid the defendant, Batchelor, administrator, etc., out of the fund of $1,373.33, the sum of $755, in part satisfaction of his claim under the aforesaid assignment of Douglas Bell, Sr., and retained the residue thereof, which, with the interest thereon to date, amounts to $630, to pay off the said draft held by W. H. H. R. S. Tucker Co.
It was insisted by the plaintiff that he was entitled to receive the said sum of $755, for the benefit of the trust fund, and that Mason had made a misapplication of the same. The commissioner held otherwise, and the plaintiff excepted.
The defendant, Batchelor, administrator, etc., insisted that Mason ought not to apply the said sum of $630, remaining in his hands to the satisfaction of the draft of Mrs. Bell, held by W. H. H. R. S. Tucker 
Co., as aforesaid, but that the same should be paid to him as administrator, in part satisfaction and discharge of the assignment of Douglas Bell, as aforesaid.
The commissioner held that said sum of $630 ought to be applied to satisfy the said draft of Mrs. M. D. Bell and the defendant, Batchelor, administrator, etc., excepted.
Detailed accounts accompany the report of the commissioner, setting out specifically the date and amounts of receipts and disbursements, etc., but it is unnecessary to insert the same. (583)
Upon the hearing of the action, a jury and also any reference to ascertain the facts were waived by all the parties thereto, and it was agreed that all the matters of fact set out in the complaint of the plaintiff, and in the several answers of the defendants, were true, all the parties plaintiff and defendant assenting thereto.
Upon the state of facts set out in the pleadings, it was claimed by the plaintiff that he was entitled to receive the whole of his claim, out of the proceeds arising from the sale of lot No. 18, notwithstanding the alleged rights of the defendants, Margaret M. Wilcox and Lewis E. Henry, and Joseph B. Batchelor administrator de bonis non, etc.
It was claimed by the last named defendants, that the plaintiff was entitled to receive only so much of the said proceeds, as would make the share of his cestui que trust, Douglas Bell, Jr., of the estate of Louis D. Henry, deceased, equal to the share of the defendants, Margaret M. Wilcox and Louis E. Henry, of the same estate; and that the whole of the proceeds arising from the sale of said lot, ought to be paid into the hands of Joseph B. Batchelor, administrator de bonis non, etc., of Louis D. Henry, deceased, to be held by him, until it could be ascertained upon an account taken among all the ultimate legatees of Louis *Page 438 
D. Henry, deceased, what portion of said proceeds the defendants, Margaret M. Wilcox and Louis E. Henry, were entitled to, in order to make them equal with the other legatees, and whether the claim of the plaintiff could be paid in full out of the proceeds of said sale, without disappointing and denying the equal equitable claim and demand of the said last mentioned defendants.
Upon this point, the opinion of his Honor was with the plaintiff and against the defendants, to which ruling and the decree made in pursuance thereof, the defendants, Joseph B. Batchelor, administrator de bonis non, etc., and J. O. Wilcox and his wife Margaret M. (584) Wilcox, and Louis E. Henry, excepted.
The defendant, Joseph B. Batchelor, administrator de bonisnon, etc., also excepted to so much of the decretal order of the court, overruling his first and second exceptions to the report of the commissioner, E. G. Haywood, Jr.
At January Term, 1876, the following final decree was made:
In this action, the report of Joseph B. Batchelor, Esq., heretofore appointed commissioner to sell the lands specified and described in the pleadings, is filed; and there being no exception taken thereto, the same is in all respects confirmed; and it appearing therefrom, that L. Rosenthal has become the purchaser of said lands, at the price of seven thousand four hundred and fifty ($7,450) dollars, of which sum he has paid in cash to said commissioner ($1,862.50) eighteen hundred and sixty-two dollars and fifty cents, and has given his notes for the residue as required by the order of sale, It is ordered, adjudged anddecreed, that the said Joseph B. Batchelor, as commissioner as aforesaid, proceed to collect the residue of said purchase money, as it falls due, and that upon the payment of the last installment thereof, and of all the other installments, and the interest that may accrue thereon, that he execute a deed in fee simple to the said L. Rosenthal and his heirs for said land. It is further ordered, adjudged and decreed, that the said Joseph B. Batchelor, as commissioner as aforesaid, after retaining out of said purchase money, five per cent thereof, which is hereby allowed him for his services in making sale, and collecting and disbursing the proceeds thereof, and executing title to the purchaser, applying the residue to the satisfaction of the sum of five thousand and thirteen ($5,013.16) dollars and sixteen cents, with the interest on five thousand dollars thereof from the 4th day of October, 1875, until paid, due and owing to the plaintiff as trustee of Douglas Bell, the younger; but if the defendant Mason shall hereafter make further collections, (585) on account of the notes specified in the pleadings, the amount which the said Mason shall so collect, is to be first applied to the satisfaction of said debt, due said trustee, Williams, and the *Page 439 
said Batchelor is to satisfy the residue thereof after the application of the payment made by said Mason; and if said Batchelor shall have paid the whole of said debt, before said Mason shall have made any further collection and payment as aforesaid, then the said Mason is to apply such collection to replace pro tanto, the amount so paid by said Batchelor, and shall pay the amount so collected to said Batchelor as administrator debonis non, cum testamento annexo, of Louis D. Henry, deceased. And any residue of said proceeds of sale which may remain in the hands of said Batchelor, he is to retain as administrator de bonis non, cum testamentoannexo, of Louis D. Henry, deceased.
From so much of this decree as applies the proceeds of sale to the satisfaction of the debt claimed by the plaintiff, the defendants Joseph B. Batchelor, administrator, etc., and Joseph O. Wilcox and wife, and Louis E. Henry, appealed.
And the defendant, Joseph B. Batchelor, also appeals from so much of the order made at Fall Term, 1874, as overruled the first and second exceptions to the report of commissioner Haywood.
The main question depends upon the construction of the will. That is so plain, that it is difficult to discuss it, or to see any reason for having made it a subject of litigation.
The testator gives to each of his children an equal share of his estate, subject to the life estate of his wife in the whole — and he appoints her sole executrix of his will and guardian of his children, and he provides that in case of the death of any one of his children before the death of his wife, the child or children of such deceased child, (586) shall stand in the place of the parent and be entitled to such part of his estate as the deceased child would be entitled to at the death of his wife, had he been then living.
The will then confers upon the executrix power to allot the children in her lifetime, upon marriage or arrival of age, (this is a necessary implication) such part of the share of his estate, to which the child may be entitled, as she may in her discretion think proper, with an express injunction that the sum advanced to any of his daughters must be secured to their sole and special use; he makes no such provision in regard to his only son. This is the only discrimination made between his daughters and his son. The executrix so understood the will, and acted on her power. After the son arrived at age, she allotted to him an amount about the same as she had given to the daughters; he died in her lifetime. Suppose he had survived her, of course he would in the *Page 440 
final division have taken subject to the amount advanced. His children can only take what he would have been entitled to at his mother's death.
We concur with the view taken by the Commissioner in regard to the two matters excepted to, and see no error in the order confirming the report.
This opinion will be certified.
PER CURIAM. Judgment affirmed.
(587)