*J. G. WILLIAMS, Trustee, v. J. B. BATCHELOR, Administrator.

*Account—Reference and Referee—Judgment—Allowance to Attorney.*

1. A judgment entered upon confirming a report of a referee settles all matters taken into the account, and is a bar to any claim which ought to have been set up in that reference.

2. But where subsequent collections are made out of a fund remaining in the hands of the party liable to account, and not adjudicated in the judgment, a claim for compensation for his services is a proper one, to be allowed upon evidence and enquiry before a referee.

MOTION in the cause heard at January Term, 1883, of WAKE Superior Court, before *McKoy, J.*

This motion is made in an action tried at fall term, 1875, of Wake superior court, and upon the overruling of exceptions to the commissioner's report the defendant appealed to this court, which affirmed the ruling of the court below. See 74 N. C., 557.

His Honor refused the motion, and the defendant appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Messrs. D. G. Fowle* and *E. G. Haywood,* for defendant.

SMITH, C. J. At January term, 1876, of this court, final judgment was entered affirming that entered in the superior

*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

court and by appeal brought up for review, among the provisions in which is the following:

It is further ordered, adjudged and decreed, the said Joseph B. Batchelor, as commissioner as aforesaid (for the sale of the lands), after retaining out of said purchase money five per cent. thereof, which is hereby allowed him for his services in making sale and collecting and disbursing the proceeds thereof, and executing title to the purchaser, apply the residue to the satisfaction of the sum of $5,013.16, with the interest on $5,000 thereof from the 4th day of October, 1875, until paid, owing to the plaintiff as trustee of Douglass Bell, the younger; but if the defendant William S. Mason shall hereafter make further collections on account of the notes specified in the pleadings, the amount which the said Mason shall so collect is to be first applied to the satisfaction of said debt due said trustee Williams, and the said Batchelor is to satisfy the residue thereof after the application of the payment made by said Mason; and if said Batchelor shall have paid the whole of said debt before said Mason shall have made any further collections and payment as aforesaid, then the said Mason is to apply such collection to replace *pro tanto* the amount so paid by said Batchelor, *and shall pay the amount so collected to said Batchelor, as administrator de bonis non cum testamento annexo of Louis D. Henry, deceased.* And any residue of said proceeds of sale which may remain in the hands of said Batchelor, he is to retain as administrator *de bonis non cum testamento annexo* of Louis D. Henry, deceased.

There had been before, on a reference in an action between the said Batchelor, as administrator as aforesaid, and the said Mason, an account stated and reported to the superior court of Wake county at June term, 1875, wherein it was ascertained that the latter had in his hands, for which he was accountable as collecting agent and attorney, on April 15, 1875, a balance of $695.23, and there being no exception thereto the same was confirmed. In the account the said Mason is charged with

moneys collected by an attorney employed by him at Wilmington, under a creditor's suit against the estate of a debtor, and is allowed a credit of ten per cent. thereof retained by that attorney for his services, and no further charge by said Mason, in respect to that fund, is made or passed on.

Late in the year 1882, as we infer in the absence of any date, the said Joseph B. Batchelor, as administrator *de bonis non* of the testator Louis D. Henry, caused a notice to be given to said William S. Mason, of which he acknowledges service, to appear at the January term, 1883, of the superior court, and show why the decree aforesaid (which on appeal had been sustained and again affirmed at January term, 1876) should not be enforced, and the said Mason be compelled to pay over to him, as such administrator, whatever further collections had been made on two certain specified debts "since, and over and above the amounts collected" and charged in that decree.

To this notice an answer is returned wherein said Mason admits his having received since the decree and outside of what is therein accounted for, in different sums at various times, $924.86, whereof he had paid out $581.30 and there was remaining in his hands the residue, $345.50. He demands to be paid out of this sum a reasonable fee for the moneys collected at Wilmington, for which no allowance was made in the referee's report, and also asserts a claim for services in making the additional and subsequent collections.

Upon the hearing the said Batchelor moved the court:

1. For a peremptory order for the payment over to him of the moneys conceded to be in the hands of Mason; and, this being refused,

2. That the court, upon the statement before it, and without further evidence, determine what, if any, sum should be retained for the agent's further compensation in these last collections, and direct the balance to be paid over.

This was also refused, and the said Batchelor appeals.

The parties to this appeal are defendants in the original action,

but, upon the subject matter of controversy now before us, assume and occupy adversary relations to each other.

In our construction of the decree, it settles all matters taken into the account previous to its rendition, and is a bar to any claim for services in abatement of the amount declared to be due, which could have been and ought to have been claimed in that reference. It undertakes to adjust and does conclude all demands which could have been then made, and were not made, in reduction of that balance. It puts an end to controversy in this regard.

2. The claim for compensation, in making the subsequent collections out of funds which were allowed to remain in his hands after the order for their transfer, is a proper one, and is not adjudicated in the judgment. The net result of the collections, ascertained by deducting all legitimate expenses incurred and a fair compensation to the agent, is the amount to which the administrator is entitled. The court properly refused the first motion, and properly declined to pass upon the compensation to be retained by the agent, without evidence. A proper course would be to refer the enquiry as to the allowance which should be made to the defendant Mason, to the clerk or some other competent person, to be made upon such evidence as might be adduced before him, and with directions to him to make report. We do not mean to say that this is the only course to be pursued, but that it is a convenient and usual way of bringing the question before the court for its final determination. There is no error. Let this be certified.

No error. Affirmed.